**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Roldan DELACRUZ–ALBARADO,**
**also known as Roldan Albarado**
**Delacruz, Defendant–Appellant.**

**No. 06–41138**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

July 7, 2008.

Reynaldo Padillo Morin, U.S. Attorney's Office, Eastern District of Texas, Lufkin, TX, for Plaintiff–Appellee.

Kenneth Robert Hawk, Federal Defender's Office, Eastern District of Texas, Tyler, TX, for Defendant–Appellant.

Before JONES, Chief Judge, and PRADO and ELROD, Circuit Judges.

PER CURIAM: *

Roldan Delacruz–Albarado (Delacruz) appeals the sentence imposed in connection with his guilty plea conviction for illegal reentry following deportation. Dela-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

cruz argues that the district court erred by denying his request for an additional one-level decrease for acceptance of responsibility. He contends that the district court has the authority to award the additional point despite the Government's failure to move for the point under U.S.S.G. § 3E1.1. Alternatively, Delacruz argues that the power of the Government to withhold the additional point violates the separation-of-powers doctrine.

This court has recently rejected both arguments in *United States v. Newson,* 515 F.3d 374, 376–79 (5th Cir.2008), *cert. denied* —— U.S. ——, 128 S.Ct. 2522, 171 L.Ed.2d 802 (2008). A district court cannot award an additional point for acceptance of responsibility absent a motion from the Government pursuant to § 3E1.1. *Newson,* 515 F.3d at 378. Additionally, Delacruz's argument regarding a violation of the separation-of-powers doctrine is foreclosed by *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). *See id.* at 376.

Accordingly, the judgment of the district court is AFFIRMED.